UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL JONES,

                              Plaintiff,

        v.                                                               9:21-CV-0572
                                                                                   (BKS/CFH)

JOHN/JANE DOES #12-#20,

                              Defendants.
_____

APPEARANCES:

DANIEL JONES
Plaintiff, Pro Se
18-A-1403
Attica Correctional Facility
Box 149
Attica, NY 14011

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

      The Clerk has sent to the Court for review an amended complaint submitted by pro se plaintiff Daniel Jones asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). *See* Dkt. No. 13 ("Am. Compl."). Plaintiff, who is incarcerated at Attica Correctional Facility, is proceeding in forma pauperis.[1]

---

[1] Plaintiff's complaint was originally filed in the Southern District of New York, together with an application to proceed in forma pauperis. *See* Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application"). By Order entered on September 22, 2020, the Honorable Colleen McMahon granted plaintiff's IFP Application. Dkt. No. 9. Thereafter, the case was reassigned to the Honorable Louis L. Stanton of the Southern District of New York. By

## II. SUFFICIENCY OF THE AMENDED COMPLAINT

### A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]  Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis.  *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is

---

Order entered on September 25, 2020, Judge Stanton reviewed the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, found that it failed to state a claim upon which relief may be granted, and afforded plaintiff leave to file an amended complaint. Dkt. No. 10.  Thereafter, plaintiff filed his amended complaint.  *See* Am. Compl.  By Order entered on May 18, 2021, Judge Stanton construed the amended complaint to assert claims based on alleged wrongdoing that occurred during plaintiff's confinement in the Westchester County Jail, and at Auburn Correctional Facility, found that the allegations regarding events at Westchester County Jail were insufficient to state a claim upon which relief may be granted, severed plaintiff's claims based on events at Auburn Correctional Facility, and ordered that these claims be transferred to the Northern District of New York.  *See* Dkt. No. 14 ("May 2021 Order").  On May 19, 2021, plaintiff's case was transferred in part to this District from the Southern District of New York. Dkt. No. 16.  Although the claims arising out of plaintiff's confinement at Auburn Correctional Facility are asserted against only "John/Jane Does #12-#20," it appears from the docket that certain other defendants were transferred over as well.  For the sake of clarity, the Clerk is directed to terminate all defendants other than "John/Jane Does #12–#20."

[2]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting

3

Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

### B.     Summary of the Amended Complaint

With respect to the portion of the amended complaint that was transferred to this District, plaintiff asserts allegations of wrongdoing that occurred while he was incarcerated at Auburn Correctional Facility. *See generally* Am. Compl. The following facts are set forth as alleged by plaintiff in his amended complaint.

On January 24, 2018, plaintiff fell down a number of stairs at Westchester County Jail, where he was confined as a pretrial detainee. Am. Compl. at 7. On April 9, 2018, plaintiff was transferred into the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and relocated to Auburn Correctional Facility. *See* May 2021 Order at 4.

On unidentified dates in 2018 and 2019, Auburn Correctional Facility Corrections Officers "John/Jane Does #12-#20" failed to call plaintiff's name for physical therapy sessions, and then marked him down as a "no show[.]" Am. Compl. at 12. As a result, plaintiff missed multiple physical therapy sessions between 2018 and 2019, and months passed before he "got back in[.]" *Id*. at 12-13.

At some point, an unidentified physical therapist told plaintiff that he had "sustained a torn Achilles tendon" as a result of falling down stairs at Westchester County Jail. Am.

Compl. at 13. Because plaintiff did not receive the treatment he needed, his body "healed wrong[,]" and he "still ha[s] pain" in his leg. *Id*.

Liberally construed, the complaint asserts Eighth Amendment medical indifference claims against defendants "John/Jane Does #12-#20".

Plaintiff seeks money damages and injunctive relief. Am. Compl. at 8. For a complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

Claims that prison officials have intentionally disregarded an inmate's medical needs fall under the umbrella of protection from the imposition of cruel and unusual punishment afforded by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102, 104 (1976). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain" and is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id*.; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citing, *inter alia, Estelle*). While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical

5

care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). "The standard of deliberate indifference includes both subjective and objective components." *Id*.

"First, the alleged deprivation must be, in objective terms, sufficiently serious." *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted). "Determining whether a deprivation is an objectively serious deprivation entails two inquiries[:] [1] . . . whether the prisoner was actually deprived of adequate medical care[; and 2] . . . whether the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) (citations omitted).

The first inquiry under the objective component requires examining "whether the prisoner was actually deprived of adequate medical care." *Salahuddin*, 467 F.3d at 279. Prison officials who act "reasonably" in response to an inmate's health risk will not be found liable because the official's duty is only to provide "reasonable care." *Id*. at 279-80 (citing *Farmer*, 511 U.S. at 844-47).

The second inquiry under the objective component requires examining whether the purported inadequacy in the medical care is "sufficiently serious." *Salahuddin*, 467 F.3d at 280. If the "unreasonable care" consists of a failure to provide any treatment, then the court must examine whether the inmate's condition itself is "sufficiently serious." *Id*. (citing *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003)). A condition is "sufficiently serious" in objective terms if it presents "a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

6

With respect to the subjective component of a medical indifference claim, a plaintiff must show that the defendant "act[ed] with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'"). An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle*, 429 U.S. at 105-06. Similarly, "mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703.

Here, the amended complaint names a group of "John/Jane Does" as defendants, and generically alleges that these officials failed to call plaintiff out for physical therapy sessions and then marked him down as a "no show" on an unidentified number of occasions in 2018 and 2019. *See* Am. Compl. at 12-13.

The amended complaint does not allege when plaintiff was prescribed physical therapy, the duration of the prescribed physical therapy period, or the number of consecutive sessions plaintiff missed as a result of the alleged actions of the "Doe" defendants. Moreover, based on plaintiff's allegation that he had interactions with a physical therapist, it appears that at some point he received physical therapy, yet it is unclear when this occurred in relation to the alleged denials of access to therapy, or how plaintiff's condition worsened, if at all, as a result of not receiving physical therapy during an unidentified period of time. Thus, the Court is unable to properly evaluate the objective element of plaintiff's Eighth

7

Amendment claims against the "Doe" defendants.

Furthermore, even assuming plaintiff was suffering from an objectively serious medical condition when he was denied access to physical therapy sessions, the amended complaint is devoid of any allegations which plausibly suggest that any of the "Doe" defendants were aware of plaintiff's medical condition, or desire for physical therapy treatment.  Indeed, the amended complaint lacks any allegations regarding when and how plaintiff interacted with any of the "Doe" defendants.  In addition, it is unclear from the allegations in the amended complaint whether plaintiff complained to anyone about being denied access to physical therapy sessions, or what response, if any, he received.  Thus, the Court is also unable to evaluate whether any official denied plaintiff access to physical therapy despite knowing that he was suffering from a serious medical condition.  *See, e.g., Molina v. County of Westchester*, No. 16-CV-3421, 2017 WL 1609021, at *4 (S.D.N.Y. Apr. 28, 2017) (finding complaint deficient where the plaintiff conclusively alleged that the defendants knew of the risk to the plaintiff's safety but failed to allege or explain how the defendants had learned of that risk).

Based on the foregoing, the Court has no basis to plausibly infer that plaintiff suffered a deprivation of his constitutional rights during his confinement at Auburn Correctional Facility.  In addition, because the amended complaint fails to provide any details regarding the nine "Doe" defendants, or plaintiff's interactions with them, the Court is also unable to evaluate how, if at all, any of these officials were personally involved in the alleged wrongdoing.  *See Ying Li v. City of New York*, No. 15-CV-1599, 2017 WL 1208422, at *6 (E.D.N.Y. Mar. 31, 2017) ("Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim."); *see also Wright v. Orleans Cnty.*,

No. 14-CV-0622, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) (noting in a Section 1983 case that "[g]roup pleading is insufficient for purposes of Rule 8(a)(2) [of the FRCP] which requires a short and plain statement of the claim showing that the pleader is entitled to relief" (citation and quotation marks omitted)); *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 493-94 (S.D.N.Y. 2014) (dismissing without prejudice excessive force claim asserted against "members of the 'Special Search Team' and 'ESU Officers'" and noting that, "[t]o the extent that [plaintiff] does not know the names of the members of the Special Search Team or ESU Officers involved, he may name 'John Doe' defendants and include as much identifying information as he has knowledge of, for the purpose of filing an amended complaint, should Little chose to do so"); *Holmes v. Allstate Corp.*, No. 11-CV-1543, 2012 WL 627238, at *7, *22 (S.D.N.Y. Jan. 27, 2012) ("[FRCP] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.").

Accordingly, plaintiff's medical indifference claims against "John/Jane Does #12-#20" are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### D.     Opportunity to Amend

The Second Circuit has held that a district court "should not dismiss [a pro se plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation omitted).  Although plaintiff was previously afforded an opportunity to amend, and the amended complaint does not necessarily indicate that plaintiff might be able to state a valid claim, the Court will

9

nonetheless give him an opportunity to present a proposed second amended complaint detailing wrongdoing that occurred while in DOCCS' custody.

Any amended complaint submitted by plaintiff in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights.  While it is not inappropriate for plaintiff to identify an unknown official in his amended pleading as a "Doe" defendant, the pleading must allege facts sufficient to plausibly suggest that each "Doe" defendant was personally involved in the alleged constitutional deprivations.  Plaintiff's proposed second amended complaint, which shall supersede and replace the amended complaint in its entirety, must also be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein.

Plaintiff is advised that his failure to file a second amended complaint **within thirty (30) days** of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Section 1983 claims that were transferred to this District are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file a proposed second amended complaint **within thirty (30) days** of the filing date of this Decision and

Order as set forth above; and it is further

**ORDERED** that upon the filing of a proposed second amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed second amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that the Clerk shall **TERMINATE** all defendants other than "John/Jane Does #12-#20"; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **<u>Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action</u>**; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron*

11

*v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: June 17, 2021
      Syracuse, NY

*[signature]*

Brenda K. Sannes
U.S. District Judge